**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| JULIUS CORNILIUS TOLBERT,<br>#0039286, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | )    CIV. A. NO. 18-0189-CG-MU<br>) |
| WARDEN NOAH PRICE OLIVER, | )<br>) |
| Respondent. | ) |

## <u>REPORT AND RECOMMENDATION</u>

This action is before the Court on Petitioner Julius Cornilius Tolbert's

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). This case

was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action. Because

Petitioner has failed to pay the filing fee as ordered by the Court and to comply

with the Court's Order dated April 24, 2018, it is recommended that this action be

dismissed without prejudice.

On April 24, 2018, Petitioner's motion to proceed without prepayment of

fees was denied, and he was ordered to pay the filing fee of $5.00 by May 15,

2018. (Doc. 3). Petitioner was advised that failure to comply with the Court's

Order and pay the filing fee on or before May 15, 2018, would result in his action

being referred to the Magistrate Judge for dismissal without prejudice for failure

to prosecute. (Doc. 3 at p. 2). Petitioner has not complied with that Order and has

not paid his $5.00 filing fee.

As a consequence of Petitioner's failure to pay the filing fee and comply

with the Court's Order, and upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines).

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

       **DONE** this **25th** day of **May, 2018**.

<u>/s/ P. Bradley Murray</u>
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**